UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARILYN F. MOLERO | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 20-2350 | SECTION: D(5) |
| | * | |
| ROSS DRESS FOR LESS, INC., ET. AL. | * | JUDGE: VITTER | MAGISTRATE: NORTH |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT**

This is a premises liability case. Plaintiff claims Defendants - as custodians of a retail store - are liable for personal injury damages because Plaintiff walked into a common merchandise hook at the "Ross Dress for Less" retail store in uptown New Orleans and injured her hand.[1] Significantly, Plaintiff claims that the merchandise hook is unreasonably dangerous because it had a chrome finish that rendered it "virtually invisible".[2] Defendants now move for summary judgment on the grounds that Plaintiff cannot show adequate support for an essential element to her case: the presence of an unreasonably dangerous condition at the Ross store. A common merchandise hook finished in chrome is simply not unreasonably dangerous.

I.   **The Missing Element Essential to Plaintiff's Claim**

As Defendants are alleged to be custodians of the subject property,[3] liability will be dictated by La. C.C. Art. 2317.1, which provides, in pertinent part:[4]

---

[1] R. Doc. 1-5, p. 3(¶3).
[2] Plaintiff's deposition, Exhibit A, p. 71, line 13-20.
[3] R. Doc. 1-5, p. 3(¶4).
[4] In diversity cases, federal courts must apply state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

02224208-1

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.[5]

As shown by this law, one element essential to the Plaintiff's claim is the presence of a, "ruin, vice or defect" at the Ross store. Article 2317.1 uses the words "ruin, vice, or defect" to describe the unreasonably dangerous character of the relevant thing.[6] Thus, one element essential to Plaintiff's claim is proving that the merchandise hook was *unreasonably* dangerous. This is the element of the claim that is the subject of this summary judgment motion.

## II.     Legal Basis for Summary Judgment

The legal basis for this summary judgment is simple: there can be no genuine issue of material fact requiring a trial if the Plaintiff cannot produce adequate evidence to support a prima facie showing for an element essential to her claim.[7] With this motion, Defendants are pointing out to the Court that Plaintiff's evidence (testimony and photos showing the merchandise hook was chrome) is insufficient to create a *genuine* issue for trial relative to whether the merchandise hook presented an unreasonable risk of harm.[8] Certainly, in order for evidence to be sufficient so as to create a *genuine* issue, the evidence must be enough so that "reasonable minds" would

---

[5] La. C.C. Art 2317.1.
[6] Frank L. Maraist & Thomas C. Galligan, Jr., *Burying Caesar: Civil Justice Reform and the Changing Face of Louisiana Tort Law*, 71 Tul. L. Rev. 339, 345 (1996). Further, there are many examples of this fact in case law. For a recent example, see *Caminita for & on Behalf of Caminita v. Roman Catholic Church of Archdiocese of New Orleans*, 20-54 (La. App. 5 Cir. 7/8/20), 299 So. 3d 1269, 1273. See also footnote 8 in *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 189.
[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, (1986).
[8] "[T]he burden on the moving party may be discharged by "showing"—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id* at 325.

02224208-1

disagree about whether this merchandise rack presented an unreasonable risk of harm.[9]  Plaintiff does not have the evidence to cause such a debate amongst reasonably minded individuals.

### III.   The Uncontested Evidence

The Plaintiff has only photographs of the merchandise hook in question to describe the "ruin, vice or defect."[10]  These photographs show a merchandise hook that is similar to many merchandise hooks found in almost every retail establishment throughout this country.  Yes, these hooks are chrome (they most always are) and, yes, they protrude into aisles (as is typical).[11]  To the extent their color and arrangement causes some risk or danger (which is denied), such risk or danger does not equate to an *unreasonably* dangerous condition – and that is what Plaintiff needs to show in order to avoid summary judgment.[12]  Again, any factual issue plaintiff can describe must rise to the level of being a *genuine* issue of fact before it can prevent summary judgment.[13]

### IV.   Conclusion

In conclusion, Defendants have now carried their burden relative to this motion by pointing to the absence of support for an essential element to the Plaintiff's claim.  As a consequence, the summary judgment burden now shifts so that Plaintiff now has a burden to

---

[9] *Croley v. Matson Nav. Co.*, 434 F.2d 73, 76 (5th Cir. 1970).  See also *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1265 (5th Cir. 1991).

[10] Exhibit B (confirmed authentic via Plaintiff's deposition, Exhibit A, p. 75 and 77, line 9-11).  See also Exhibit C (confirmed authentic via Plaintiff's deposition, Exhibit A, p. 88).

[11] Such facts, if contested and deemed material by this Court, can be judicially noticed under Fed. R. Evid. 201.

[12] Determining whether a thing is unreasonably dangerous involves a study of many factors, including the likelihood and magnitude of harm and the obviousness and apparentness of the condition. See *Broussard v. State ex rel. Office of State Bldgs.*, 2012-1238 (La. 4/5/13), 113 So. 3d 175, 184.

[13] See *Dufrene v. Nat'l R.R. Passenger Corp., No.* CV 15-3547, 2016 WL 6581494, at *2 (E.D. La. Nov. 7, 2016), which cites Louisiana Supreme Court case law (*Bufkin*) as support for the proposition that the question of a thing being unreasonably dangerous does not automatically prevent summary judgment.

02224208-1

oppose this motion with support sufficient that creates a genuine issue for trial. If the Plaintiff fails to carry this burden, summary judgment *must* be granted.[14]

|  |  |
|---|---|
|  | Respectfully submitted, |
| CERTIFICATE OF SERVICE | DUPLASS, ZWAIN, BOURGEOIS, PFISTER, WEINSTOCK & BOGART |
| I hereby certify that with or before this filing, copies of this filing have been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system. | ___s/ *Daniel M. Redmann*___<br><br>DANIEL M. REDMANN (#30685)<br>dredmann@duplass.com<br>3838 North Causeway Boulevard, Suite 2900<br>Metairie, Louisiana 70002<br>Tel: (504) 832-3700 \| Fax: (504) 837-3119 |
| ___s/ *Daniel M. Redmann*___ | Attorneys for all Defendants |

---

[14] *Celotex* at 333, footnote 3 (1986).

02224208-1