UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MARILYN F. MOLERO | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 20-2350 | SECTION: D(5) |
| | * | |
| ROSS DRESS FOR LESS, INC., ET. AL. | * | JUDGE: VITTER | MAGISTRATE: NORTH |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### REPLY MEMORANDUM

The Plaintiff's memorandum in opposition has now confirmed that summary judgment is appropriate. Specifically, summary judgment is appropriate because Plaintiff has failed to produce sufficient support for the "unreasonably dangerous" element of her claim. Plaintiff has only offered testimony from the Plaintiff, an eyewitness, and a Ross employee who simply filled out an accident report based on statements provided by the Plaintiff and eyewitness. This evidence – even with the inadmissible hearsay – is simply not enough to prevent summary judgment in this case.[1]

The evidence that Plaintiff needed to provide in response to this motion is evidence that supports the fact that the merchandise rack was *unreasonably* dangerous. Providing evidence that shows the rack was finished in chrome, that it only had some merchandise on it at the time

---

[1] Defendant objects to the Plaintiff's evidence that constitutes hearsay. Specifically, Plaintiff has cited the following testimony, which is inadmissible under Fed. R. Evid. 802: (1) Exhibit 1, p. 60-63 (Plaintiff's testimony that other people told her about a prior similar incident); and (2) Exhibit 2, p. 24, 26, 27 (Woods' reading of an incident report, which recorded statements made by *other* people). Further, Plaintiff has included an incident report prepared by Woods, which contains hearsay (relative to prior similar incidents) and Defendant objects to this evidence being considered by this Court. Finally, Defendant objects to the testimony of Tucker about Plaintiff's hand being cut and bleeding (Exhibit 3, p. 14) under Fed. R. Evid. 403 because such testimony is patently false, misleading, and it lacks any probative value.

of the incident, that Plaintiff injured herself by walking into the rack, and that someone else walked into this rack previously does not show the merchandise rack was *unreasonably* dangerous.

The distinction between "dangerous" and "unreasonably dangerous" is an important consideration because, as Plaintiff's memorandum shows, the burden of proving an unreasonably dangerous condition requires more than proof that an incident occurred. Specifically, it requires that Plaintiff's evidence show that the merchandise rack would, "reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances."[2] Significantly, this quoted law that Plaintiff has offered has been cited by several courts as a legal basis for *granting* summary judgment in favor of defendant merchants who have argued that the plaintiff failed to show sufficient support for the "unreasonably dangerous" element of the claim.[3]

Further, this Court, in *Dufrene v. Nat'l R.R. Passenger Corp.*, recognized this viable path to summary judgment for similarly situated defendants after studying Louisiana's law set forth by the Louisiana Supreme Court.[4] In doing so, it recognized that the Louisiana Supreme Court's decision in *Allen v. Lockwood* specifically sanctioned the granting of summary judgment in cases where the plaintiff fails to produce support sufficient for the claim that a complained-of condition or thing is unreasonably dangerous.[5] Significantly, the *Allen* Court recognized that, "**in such a procedural posture, the court's obligation is to decide if there is a *genuine* issue**

---

[2] Plaintiff cites this law on page 6 of her memorandum.
[3] See: *Taylor v. Wal-Mart Stores, Inc.*, No. CIV.A. 05-1346-A, 2006 WL 1476031, at *2 (W.D. La. May 23, 2006); *Willig v. Pinnacle Entm't, Inc.*, 2015-1998 (La. App. 1 Cir. 9/16/16), 202 So. 3d 1169, 1174; *Perrodin v. Lowe's Home Centers, Inc.*, No. 6:12-2255, 2013 WL 6667150, at *3 (W.D. La. Dec. 17, 2013);
[4] *Dufrene v. Nat'l R.R. Passenger Corp.*, No. CV 15-3547, 2016 WL 6581494, at *3 (E.D. La. Nov. 7, 2016).
[5] *Allen v. Lockwood*, 2014-1724 (La. 2/13/15), 156 So. 3d 650, 653.

**of material fact as to whether the complained-of condition or thing created an unreasonable risk of harm**."[6] This bolded language confirms the fact that this is a question for this Court to decide at this stage.[7]

The situation referenced in *Allen* is the procedural posture here. Like in *Allen*, these Defendants moved for summary judgment arguing the absence of support for the unreasonably dangerous element. Like in *Allen*, this Court's present obligation is to decide if the summary judgment evidence presented creates a *genuine* issue as to whether the merchandise rack was unreasonably dangerous. **So, the present question for this Court is as follows: Is the evidence presented enough to cause reasonable minds to disagree (i.e. create a *genuine* issue) about whether the merchandise rack would reasonably be expected to cause injury to a prudent person using ordinary care under the circumstances?** If this Court answers in the negative or if this Court determines that it does not have sufficient evidence to answer in the affirmative, summary judgment must be granted. If this Court answers this question in the affirmative, summary judgment should be denied and retailers throughout the country need to be notified about their potential liability.

[SIGNATURE BLOCK ON NEXT PAGE]

---

[6] *Id* (internal quotations omitted and emphasis supplied).

[7] "[A]t summary judgment, the district court serves the role of gatekeeper, as it has a 'responsibility to decide whether a genuine issue of fact exists' before the case will be allowed to proceed to trial." *Bartucci v. Jackson*, No. CIV.A. 04-2977, 2006 WL 2631925, at *4 (E.D. La. Sept. 13, 2006).

Respectfully submitted,

CERTIFICATE OF SERVICE

DUPLASS, ZWAIN, BOURGEOIS,
PFISTER, WEINSTOCK & BOGART

I hereby certify that with or before this filing, copies of this filing have been served on all parties or their attorneys in a manner authorized by FRCP 5(b)(2) or via the court's CM/ECF system.

___s/ *Daniel M. Redmann*_____

DANIEL M. REDMANN (#30685)
dredmann@duplass.com
3838 North Causeway Boulevard, Suite 2900
Metairie, Louisiana 70002
Tel: (504) 832-3700 | Fax: (504) 837-3119

___s/ *Daniel M. Redmann*_____

Attorney for all Defendants

02247595-1